## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| FUSION TRADE, INC. <br> d/b/a FUSION WORLDWIDE <br><br> Plaintiff, <br><br> v. <br><br> NEWPOWER WORLDWIDE, LLC <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND JURY DEMAND

### i. Introduction

1. The Plaintiff Fusion Trade, Inc. d/b/a Fusion Worldwide ("Fusion Worldwide" or "Plaintiff") brings this action for, among other things, trademark infringement and unfair competition under federal law and the law of the Commonwealth of Massachusetts.

2. Fusion Worldwide is the owner of federally registered trademarks for SCOUT, which is used in connection with Fusion Worldwide's proprietary inventory management and sourcing computer database software platform. The SCOUT mark has been used as part of Fusion Worldwide's marketing materials for more than a decade through the United States and in particular in Massachusetts.

3. The SCOUT marks are protected by United States Registration Nos. 6,056,295, 6,056,296 6,056,297, copies of which are attached as Exhibit A (hereinafter referred to as "SCOUT mark").

4. In or about 2020, Fusion Worldwide learned that Defendant NewPower Worldwide, LLC ("NewPower" or "Defendant"), a direct competitor of Fusion Worldwide, was publicly marketing itself as having the identical proprietary inventory management and sourcing computer database software platform which it called SCOUT. Aside from using the SCOUT name, NewPower used a near identical SCOUT symbol. NewPower's marketing materials even used the "TM" logo next to its use of the SCOUT mark, fraudulently suggesting that it possessed trademark rights in the SCOUT mark.

5. NewPower is owned and operated by Carleton Dufoe ("Mr. Dufoe"). For approximately thirteen (13) years and through 2014, Mr. Dufoe worked at Fusion Worldwide. For the final seven years of his time at Fusion Worldwide, Mr. Dufoe served as Fusion's Vice President of Sales. Through that work experience, Mr. Dufoe learned and understood that value of the SCOUT mark and sought to co-opt it for the benefit of his competitive venture.

6. NewPower's use of the SCOUT mark is confusingly similar to Fusion Worldwide's validly registered trademarks. A copy of the Defendant's confusingly similar mark is attached as Exhibit B.

7. NewPower's promotion and use of a confusingly similar mark threatens to cause serious and irreparable injury to Fusion Worldwide. By and through this action, Fusion Worldwide seeks injunctive relief, significant money damages, punitive damages and attorneys' fees to prevent NewPower's knowing, intentional and unlawful acts of trademark infringement, unfair competition, false designation of origin, and trademark dilution.

## ii. Parties

8. Plaintiff Fusion Worldwide is a Massachusetts corporation which is in the business of sourcing and supplying electronic components and finished products. Its product portfolio includes CPUs, memory, storage media and devices, semiconductors, passive components, and computers and peripherals. Fusion is headquartered in Boston and has ten (10) offices spread across the Americas, Europe, the Middle East, Africa and Asia.

8. Defendant NewPower is a New Hampshire limited liability company with a principal place of business at 107 Northeastern Blvd, Nashua, NH 03062. NewPower and Fusion Worldwide are direct competitors. According to NewPower's website, found on the internet at www.newpowerww.com:

> NewPower Worldwide is a leading global independent distributor of electronic components and finished goods. We provide a wide range of services to a substantial and diversified client base that includes some of the world's largest OEMs, ODMs, EMS Providers, Military and Aerospace, Authorized Distributors and Global Service Facilities. **Powered by SCOUT, our premier proprietary electronic component distribution software and delivering unmatched efficiency and security.**

See Exhibit G (emphasis supplied).

## iii. Jurisdiction and Venue

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338 (trademark claims), and 15 U.S.C. § 1121 (Lanham Act).

10. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the infringing activity occurred and continues to occur in the District of Massachusetts.

### iv. Factual Background

11.     Fusion Worldwide is the owner of United States Registration Nos. 6,056,295, 6,056,296 6,056,297 for the SCOUT marks. <u>See</u> <u>Exhibit A</u>. These registrations became incontestable upon the fulfillment of the statutory requirements for incontestability under Section 15 of the federal Lanham Act.

12.     Fusion Worldwide has used the SCOUT mark continuously for over a decade.

13.     Fusion Worldwide has consistently and continuously used throughout the United States the SCOUT marks in connection with its promotion and use of its proprietary inventory management and sourcing computer database software platform.

14.     Fusion's marketing of its SCOUT software database over the past decade has been substantial. By way of example only, Fusion Worldwide's marketing materials have declared:

> Our proprietary database SCOUT empowers Fusion Worldwide traders with the market information needed to confront any supply chain issue with speed and conviction. SCOUT allows Fusion Worldwide to operate a whole network of global offices and warehouses as one.

<u>See</u> <u>Exhibit C</u>.

> Our Quality Database, SCOUT, holds millions of digital photographs, die codes, manufacturer data sheets, PCNs, golden sample photos, and inspection records, all available to our inspectors worldwide as they inspect. This fully integrated system allows easy access to history, vendor performance ratings, and manufacturer information.

<u>See</u> <u>Exhibit D</u>.

- Our proprietary database Scout empowers Fusion Worldwide traders with the market information needed to confront any supply chain issue with speed and conviction.

- Single worldwide operating platform, enabling global coverage

- Extensive database of global sources and strong strategic vendor relationships.

- This system provides product history and market trend analysis at the touch of a keystroke, and allows Fusion Worldwide to operate a whole network of global offices and warehouses as one.

See Exhibit E.

Our proprietary database Scout empowers Fusion Worldwide traders with the market information needed to confront any supply chain issue with speed and conviction. This system provides product history and market trend analysis at the touch of a keystroke, and allows Fusion Worldwide to operate a whole network of global offices and warehouses as one. Scout is ever evolving and changing in response to the needs of our customers.

See Exhibit F.

15. Fusion Worldwide's federal trademark protects its right to use the SCOUT mark in the following categories:

Inventory management in the field of electronic finished goods and electronic components; inventory management services for sourcing, requisition, procurement, inspection, shipment and delivery of electronic finished goods and electronic components; inventory management services for pricing history and trends, and business intelligence related to electronic finished goods and electronic components; inventory management for tracking customer requirements and correlating customer requirements with inventory information; inventory management for the selling and buying of electronic finished goods and electronic components; providing a web-based on-line portal featuring consumer-related information that provides customers their sales account information, order history and market history and trends, provides customers transportation logistics information in the nature of the current location of products on order, provides customer transportation logistics information in the nature of the current location of products on order,

provides customer inventory management information and supply inventory information, provides customers pricing, sourcing, inspections and testing information and provides customer pricing, sourcing, inspections, and testing information, and provides customers communications and busines information, all in the field of electronic finished goods and electronic components.

See Exhibit A.

16. Over the course of the past decade, Fusion Worldwide's active promotion and marketing to customers, potential customers and its industry as a whole of its proprietary SCOUT software database has been among the many ways that Fusion Worldwide seeks to distinguish itself from the competition, like NewPower.

17. Indeed, Fusion Worldwide has spent hundreds of thousands of dollars over the years fostering, developing, implementing and marketing the competitive advantage gained by it through its exclusive and proprietary SCOUT software database.

18. As a result of these extensive efforts, the SCOUT mark has become well-known to the industry in which Fusion Worldwide and NewPower compete as an identifier of Fusion Worldwide's high quality services. Customers and distributors have come to associate the SCOUT marks with high-quality services provided through Fusion Worldwide's proprietary inventory management and sourcing computer database software platform.

19. As a result of its continuous use, the SCOUT mark has become strong and distinctive.

20. NewPower has been on constructive notice of the federal registration of the SCOUT mark since United States Registration Nos. 6,056,295, 6,056,296 6,056,297

issued on May 19, 2020.  NewPower has been on actual notice of the SCOUT mark for at least a decade and during the time Mr. Dufoe worked for Fusion as its Sales Manager.

21. Upon information and belief, in or around 2020, NewPower began using a confusingly similar mark, SCOUT, as shown on the attached Exhibit B, in connection with its marketing of a confusingly similar inventory management and sourcing computer database software platform which NewPower also called SCOUT.

22. In addition to its marketing materials, NewPower makes reference to its confusingly similar SCOUT software platform on its website by claiming: "our premier proprietary electronic component distribution software SCOUT provides unmatched efficiency and security." (emphasis supplied).  See Exhibit G (https://newpowerww.com/about-npww/)

23. The confusion is exacerbated by the similarity of services and goods offered by Fusion Worldwide and NewPower, which are direct competitors.

24. Worse still, NewPower has marketed its SCOUT software database with a logo which is near identical to Fusion's federally protected SCOUT design mark.   So as to further mislead the public, NewPower has placed a "TM" symbol next to its use of the SCOUT mark, falsely suggesting that NewPower possesses federally protected trademark rights in the SCOUT mark.

25. On or about July 14, 2020, Fusion Worldwide, through its attorneys, sent a letter to NewPower informing it of Fusion Worldwide's trademark rights and federal trademark registrations, and demanding that NewPower cease and desist from using the SCOUT mark.   NewPower refused.

26. NewPower's unauthorized use of the SCOUT mark in the United States in connection with the promotion of its alleged "premier proprietary electronic component distribution software" irreparably injures the Plaintiff by falsely associating Defendant and Defendant's products and services with the Plaintiff and Plaintiff's products and services, thereby confusing customers and potential customers, and harming the strong reputation associated with Fusion Worldwide and its products and services.

27. Over the course of the past three years, NewPower has engaged in a series of unfair and deceptive acts and practices designed to harm Fusion Worldwide. These activities include, but are not limited to:

   a. During his employment with Fusion Worldwide, Mr. Dufoe received a voicemail message on Fusion Worldwide's voicemail system left by Fusion Worldwide's President. Mr. Dufoe improperly retained a copy of the voicemail and then, years later, NewPower republished that voicemail message to more than a dozen then current Fusion Worldwide employees. NewPower's intent in publishing the voicemail message was to sow dissent and undermine Fusion Worldwide.

   b. In 2020, a representative of NewPower forwarded an email message to Fusion Worldwide's President purporting to be from Fusion Worldwide's then Vice President of Sales. NewPower altered and doctored the email to state that the Vice President of Sales was actively subverting Fusion Worldwide's business.

    c. A NewPower executive engaged with a Fusion Worldwide employee who operated Fusion Worldwide's warehouse in Amsterdam. NewPower coordinated with this individual to supply NewPower with confidential information about Fusion Worldwide's inventory. This practice went on for months before Fusion Worldwide discovered the illicit activities.

    d. Upon information and belief, NewPower obtained source code from Fusion Worldwide's proprietary inventory management and sourcing computer database software platform and copied it for purposes of building its own software platform, which it named SCOUT.

## COUNT ONE
### (Trademark Infringement in Violation of Section 32 of the Lanham Act)
### (15 U.S.C. § 1114)

28. Fusion Worldwide repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

29. NewPower is using the SCOUT mark in connection with its marketing and sale of its business' use of an alleged proprietary electronic component distribution software.

30. NewPower's unauthorized use of the SCOUT mark constitutes trademark infringement in violation of Section 32 of the Lanham Act, codified at 15 U.S.C. § 1114.

31. NewPower's unauthorized use of the SCOUT mark was intended to cause, has caused, is causing, and is likely to continue to cause confusion, or to cause mistake or to deceive.

32. NewPower's infringement has been willful, wanton, reckless, and in total disregard of Fusion Worldwide's rights.

33. NewPower's acts are causing irreparable injury to Fusion Worldwide for which there is no adequate remedy at law, and will continue to do so unless the NewPower's use of the SCOUT mark or any mark that is confusingly similar thereto is enjoined by this Court.

34. By reasons of the foregoing, Fusion Worldwide has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT TWO
### (Federal False Designation of Origin in Violation of Section 43(a) of the Lanham Act)
### (15 U.S.C. § 1125)

35. Fusion Worldwide repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

36. NewPower's unlawful acts constitute use in commerce.

37. NewPower has used and, upon information and belief, plans in the future to use a mark confusingly similar to the SCOUT mark in connection with marketing and sale of its business' use of an alleged proprietary electronic component distribution software in commerce, which is a false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant and Defendant's products and services with Plaintiff and Plaintiff's products and services, all to the detriment and damage of the Plaintiff.

38. NewPower has engaged in unlawful acts that constitute a false designation of origin, false and misleading description of fact, and false and misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to

deceive as to the affiliation, connection or association of Defendant with the Plaintiff or as to the origin, sponsorship or approval of Defendant's goods and services by the Plaintiff, in violation of Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a).

39. NewPower's conduct as described above has been willful, wanton, reckless, with full knowledge, and in total disregard of Fusion Worldwide's rights.

40. NewPower's acts are causing irreparable injury to Fusion Worldwide for which there is no adequate remedy at law, and will continue to do so unless the Defendant's use of the SCOUT mark in the United States is enjoined by this Court.

41. By reasons of the foregoing, Fusion Worldwide has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT THREE
**(Trademark Infringement in Violation of Massachusetts Law)**
**(Massachusetts General Laws ch. 110H § 12)**

42. Fusion Worldwide repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

43. NewPower is using, without authorization, the SCOUT mark without the consent of the Plaintiff, in connection with the marketing and sale of its business' use of an alleged proprietary electronic component distribution software in the United States.

44. Such use is likely to cause confusion or mistake or to deceive as to the source or origin of such services.

45. NewPower's unauthorized use of the SCOUT mark, as described above, constitutes trademark infringement in violation of M.G.L. c. 110H § 12.

46. NewPower's unauthorized use of the SCOUT mark was intended to cause confusion or mistake or to deceive.

47. NewPower's unauthorized use of the SCOUT mark has caused, and is likely to continue to cause, substantial and irreparable injury to the Plaintiff, unless Defendant's use of the SCOUT mark is immediately enjoined by this Court.

48. NewPower's conduct as described above has been willful, wanton, reckless, with full knowledge, and in violation of the rights of Plaintiff.

49. By reason of the foregoing, Fusion Worldwide has been damaged and is entitled to injunctive relief and damages in an amount to be proven at trial.

## COUNT FOUR
### (Trademark Dilution in Violation of Massachusetts Law)
### (M.G.L. c. 110H § 13)

50. Fusion Worldwide repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

51. NewPower's unauthorized use of the SCOUT mark was intended to cause, has caused, and is likely to continue to cause dilution of the distinctive quality of a mark.

52. Such unauthorized use of the SCOUT mark has caused, and is likely to continue to cause, substantial and irreparable injury to Fusion Worldwide, unless the NewPower's use of the SCOUT mark is immediately enjoined by the Court.

53. NewPower's conduct as described above has been willful, wanton, reckless, with full knowledge, and in violation of Fusion Worldwide's rights.

54. By reason of the foregoing, Fusion Worldwide has been damaged and is entitled to immediate injunctive relief and damages in an amount to be proven at trial.

## COUNT FIVE
### (Unfair Competition in Violation of Massachusetts Common Law)

55. Fusion Worldwide repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

56. Fusion Worldwide owns and enjoys common law rights in its SCOUT mark which are superior to any rights which NewPower may claim to any similar mark or name.

57. NewPower's unauthorized use of the SCOUT mark in connection with the marketing and sale of its business' use of an alleged proprietary electronic component distribution software in the United States is being, and has been, committed in order to capitalize on and misappropriate the Plaintiff's valuable goodwill in its mark and name that it created through continuous usage of its mark and name over the past decade.

58. NewPower's unauthorized use of the SCOUT mark has and is likely to continue to cause confusion or mistake or deception of consumers as to the origin of such goods.

59. NewPower's acts and conduct as set forth herein constitute unfair competition and willful, unfair and deceptive acts or practices within Massachusetts, all in violation of Massachusetts common law.

60. The Defendant and the Plaintiff are engaged in trade and commerce in Massachusetts.

61. NewPower's wrongful unfairly competing activities have intended to cause, have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Plaintiff's business, reputation and goodwill.

## COUNT FIVE
### (Unfair Competition in Violation of Massachusetts Common Law)

55. Fusion Worldwide repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

56. Fusion Worldwide owns and enjoys common law rights in its SCOUT mark which are superior to any rights which NewPower may claim to any similar mark or name.

57. NewPower's unauthorized use of the SCOUT mark in connection with the marketing and sale of its business' use of an alleged proprietary electronic component distribution software in the United States is being, and has been, committed in order to capitalize on and misappropriate the Plaintiff's valuable goodwill in its mark and name that it created through continuous usage of its mark and name over the past decade.

58. NewPower's unauthorized use of the SCOUT mark has and is likely to continue to cause confusion or mistake or deception of consumers as to the origin of such goods.

59. NewPower's acts and conduct as set forth herein constitute unfair competition and willful, unfair and deceptive acts or practices within Massachusetts, all in violation of Massachusetts common law.

60. The Defendant and the Plaintiff are engaged in trade and commerce in Massachusetts.

61. NewPower's wrongful unfairly competing activities have intended to cause, have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to the Plaintiff's business, reputation and goodwill.

62. NewPower's conduct as described above has been willful, wanton, reckless, with full knowledge, and in violation of the rights of Fusion Worldwide.

63. As a result of NewPower's acts alleged above, Fusion Worldwide is entitled to damages in an amount to be proven at trial.

**COUNT SIX**
**(Unfair Methods of Competition and Unfair and Deceptive Practices)**
**(M.G.L. c. 93A §§ 2, 11)**

64. Fusion Worldwide repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

65. The Plaintiff and the Defendant are engaged in interstate trade or commerce. Defendant's marketing and sale of business' use of an alleged proprietary electronic component distribution software bearing the infringing mark has appeared in Massachusetts, and the harm caused to Fusion Worldwide have occurred primarily in Massachusetts.

66. NewPower's activities identified in Paragraph 27 constitute knowing and intentional unfair and deceptive acts and practices.

67. The acts complained of herein occurred primarily and substantially in Massachusetts.

68. NewPower's unauthorized use of the SCOUT mark in Massachusetts is, and has been, committed in order to capitalize on and misappropriate Plaintiff's valuable goodwill in the SCOUT mark. The acts alleged herein constitute unfair methods of competition and unfair and deceptive practices within the meaning of M.G.L. c. 93A § 11.

69. The Defendant's unauthorized use of the SCOUT mark constitutes a per se violation of M.G.L. c. 93A.

70. As a result of NewPower's actions as alleged herein, Fusion Worldwide has suffered and will continue to suffer a loss of money.

71. As a result of NewPower's violation of Chapter 93A as alleged above, Plaintiff is entitled to damages in an amount to be proven at trial, such amount to be doubled or trebled, and an award of reasonable attorneys' fees and costs as provided by statute.

WHEREFORE, Fusion Worldwide respectfully requests that the Court grant it the following relief:

1. Enter a preliminary injunction preventing NewPower, its owners, employees, agents, successors, assigns and all those in privity or acting in concert with it from using, displaying, advertising, copying, imitating or infringing upon the Plaintiff's SCOUT marks, including by using or displaying the SCOUT or any mark confusingly similar thereto, in any written or oral advertisements, displays, signs, package, sales promotions, marketing materials, internet or in any other public communications in connection with the promotion, sale or offers for sale of Defendant's products or services in the United States;

2. Order NewPower to account and pay over to Fusion Worldwide all gains, profits and advantages derived from the use of the SCOUT mark pursuant to 15 U.S.C. § 1117, M.G.L. c. 110H § 12 and other applicable law;

3. Order NewPower to pay Plaintiff the damages which Plaintiff has sustained by reason of the conduct alleged herein;

4. Order NewPower to pay damages totaling three times the compensatory damages for its willful and intentional misconduct as provided for in 15 U.S.C. § 117, M.G.L. c. 93A and other applicable law;

5. Order NewPower to pay the prejudgment interest and cost of this action;

6. Order NewPower to pay Plaintiff's attorneys' fees as provided by M.G.L. c. 93A and other applicable law; and

7. Grant such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Fusion Worldwide, Inc. demands a trial by jury on all claims so triable.

Respectfully submitted,

FUSION WORLDWIDE, INC.

By Its Attorneys,

  s/ David H. Rich
David H. Rich (BBO #634275)
Christian G. Kiely (BBO #684308)
Todd & Weld LLP
1 Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
drich@toddweld.com
ckiely@toddweld.com

Dated: July 29, 2020